IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL RUSSELL ANDREWS, SR., | : | Civil No. 1:24-CV-02240 |
| Plaintiff, | : | |
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PATROLE[1] MEMBERS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is Plaintiff Daniel Russell Andrews, Sr.'s complaint alleging that the Pennsylvania Board of Probation and Parole members and the Pennsylvania Attorney General violated his First, Eighth, and Fourteenth Amendment rights. (Doc. 1.) Plaintiff is a self-represented litigant currently housed at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"). The court will screen the complaint pursuant to 28 U.S.C. § 1915A,

---

[1] The header of the complaint names the Board of Probation and Parole ("the Board") as a party, but the text of the complaint only names individual members of the Board. (Doc. 1.) To the extent that the court construes the Board as a party, all claims against it must be dismissed with prejudice. The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). It has been similarly concluded by the United States Court of Appeals for the Third Circuit that Pennsylvania's Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977).

1

dismiss the complaint with prejudice for failure to state a claim for which relief can be granted, and close the case.

## BACKGROUND

On December 26, 2024, the court received and docketed Plaintiff's complaint. (Doc. 1.) The complaint named ten members of the Pennsylvania Parole Board and then-Attorney General of Pennsylvania, Michelle Henry. (Doc. 1, pp. 1–2.)[2] On December 27, 2024, the court sent Plaintiff an administrative order instructing Plaintiff to pay the outstanding filing fee in full or file a motion to proceed *in forma pauperis* within thirty days or the case would be dismissed. (Doc. 4.) After receiving no payment or motion, the court entered an order dismissing the complaint on January 30, 2025. (Doc. 5.) Plaintiff then submitted evidence that he had paid the full filing fee, but that the funds had been applied to the incorrect case. (Doc. 6.) The court then reopened the case on February 18, 2025 and applied the filing fee to this case. (Doc. 7.) On February 19, 2025, the court received and docketed Plaintiff's motion for reconsideration of the order dismissing the case. (Doc. 9.)

The court will now deny the motion for reconsideration as moot, screen the complaint pursuant to 28 U.S.C. § 1915A, dismiss the complaint with prejudice, and close the case.

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Frackville, located in Schuylkill County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915A, federal district courts "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The grounds for dismissal under 28 U.S.C. § 1915A include a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *Simonton v. Ryland-Tanner*, 836 Fed. App'x. 81, 83 (3rd Cir. 2020).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

Plaintiff alleges that the Parole Board Members and the Attorney General violated his constitutional rights when denying his application for parole.  (Doc. 1.)  Specifically, Plaintiff alleges that he was interviewed by two Board Members on August 20, 2024.  (Doc. 1, p. 4.)  While not stated directly, it appears that following this interview, Plaintiff's application for parole was denied.  (Doc. 1.)

Plaintiff further alleges that this denial was done in retaliation for pursuing a civil rights case against several Pennsylvania Department of Corrections officials and staff.  (Doc. 1, p. 5.)  Plaintiff alleges that in settlement negotiations in early August of 2024, he had asked for a favorable parole recommendation as a part of a settlement offer, which was denied.  (Doc. 1.)  Plaintiff alleges that the Parole Board Members and the Attorney General then conspired to deny his parole and violate his constitutional rights.  (Doc. 1, pp. 5–6.)

### A. The Parole Board Members Have Absolute Immunity.

Parole officers and officials are entitled to absolute immunity for their "adjudicatory duties."  *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989).  Conducting parole interviews and determining whether to grant parole are considered adjudicatory duties.  *Keller v. PA Bd. of Prob. & Parole*, 240 F. App'x 477, 480 (3d Cir. 2007) (per curiam).  When parole officers' actions are taken under their administrative, executive or investigative duties, they are entitled only to qualified immunity.  *Wilson*, 878 F.2d at 775.  Investigating parole violations and initiating criminal actions are examples of executive and investigative duties.  *Id.*

Here, Plaintiff is only challenging the alleged constitutional violations associated with the parole interview and the resulting determination.  Under *Wilson* such activities are considered adjudicatory duties. Therefore, the ten Parole Board

Members have absolute immunity and the claims against them will be dismissed with prejudice.

### B. The Attorney General Has Absolute Immunity.

Prosecutors are absolutely immune from civil liability for all activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). "But a person is not immune from suit for every wrong he commits just because he happens to be employed as a prosecutor: the inquiry focuses on the nature of the function performed, not the identity of the actor who performed it." *Schneyder v. Smith,* 653 F.3d 313, 332 (3d Cir. 2011). Accordingly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Yarris v. Cnty. of Delaware,* 465 F.3d 129, 135 (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)).

However, here, the Attorney General is not acting as the prosecutor in a criminal action, but instead as defense counsel for the government in a civil action during settlement negotiations. (Doc. 1.)

The Third Circuit has applied absolute immunity for prosecutors acting in a civil capacity in civil forfeiture proceedings, holding that "there should be no distinction between a prosecutor acting as the government's advocate in a criminal

6

or a civil proceeding." *Schrob v. Catterson,* 948 F.2d 1402, 1411–13 (3d Cir. 1991). Other circuits have extended absolute immunity to the defense of a civil action by a government attorney. *See Benavidez v. Howard*, 931 F.3d 1225, 1232 (10th Cir. 2019) ("we hold a government defense attorney who, in the course of a civil adjudication, prepares a motion and arranges for the presentation of evidence on the court record by way of affidavit in support of the motion, is absolutely immune from a collateral § 1983 suit for damages based on the filing of such motion and affidavit."); *Murphy v. Morris*, 849 F.2d 1101, 1104 (8th Cir. 1988) (applying absolute immunity to an assistant attorney general defending state officials in prisoner civil rights actions); *Barrett v. U.S.*, 798 F.2d 565, 572 (2nd Cir. 1986) (government attorney who defends suit enjoys the same absolute immunity as government prosecutor); *Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir. 1991) (extending absolute immunity to government attorneys involved in civil tax litigation in a state or federal court).

In contrast, the Third Circuit Court of Appeals has not fully addressed whether the litigation privilege applies to bar claims under Section 1983. *See Spuck v. Pa. Bd. of Prob. & Parole*, 563 Fed.Appx. 156, 158 (3d Cir. 2014) ("[W]e discern no error with the [d]istrict [c]ourt's conclusion that a state agency attorney should be afforded [immunity] from liability in damages when carrying out courtroom functions."); *Collura v. Disciplinary Bd. of Supreme Court of*

7

*Pennsylvania*, No. 11-5637, 2013 WL 4479141, *5 n.6 (E.D. Pa. Aug. 22, 2023) (noting that whether the litigation privilege "applies to bar federal claims under Section 1983 is not settled and has not been addressed by the Third Circuit Court of Appeals"). Other district courts in the Third Circuit have held that a government attorneys' conduct, having arisen in the context of defending government clients, was "protected by the judicial privilege and absolute immunity." *Wallace v. Abell*, No. 07-4918, 2008 WL 2833927, at *3 (E.D. Pa. July 22, 2008). This in combination with the Supreme Court's Decision in *Butz v. Economou*, allows this court to conclude that absolute immunity applies to a government defense attorney in this action:

> Although government defense counsel, not having selected the other party as the target of the litigation, is in a more passive position than a prosecutor or plaintiff's representative, he nevertheless functions in an adversarial arena where "there is, if not always a winner, at least one loser," and since he is charged with a public trust he should not be inhibited in the faithful performance of his duties by the threat of harassing lawsuits against him. His function as a government advocate therefore entitles him to absolute immunity, which is "necessary to assure that. . . advocates . . . can perform their respective functions without harassment or intimidation."

438 U.S. 478 (1978). Therefore, the court finds that absolute immunity applies to the Attorney General in this context as well.

### C. Plaintiff's Motion for Reconsideration Will Be Denied as Moot.

After the court applied the filing fee received from Plaintiff to this action and reopened the action, it received Plaintiff's motion for reconsideration

8

requesting to reinstate the action. (Doc. 8.) Since the case was reopened *sua sponte*, Plaintiff's motion will be denied as moot.

## CONCLUSION

Because defendants in this action have absolute immunity, the court will dismiss the complaint with prejudice and close the case. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 30, 2025